[L. A. No. 14173. In Bank.—January 18, 1934.]

NORTH AMERICAN BUILDING–LOAN ASSOCIATION, Appellant, v. FRIEND W. RICHARDSON, Building and Loan Commissioner, etc., et ál., Respondents.

David R. Faries and Joseph Scott for Appellant.

Roland Tognazzini, Roscoe C. Andrews and Thomas M. Gannon for Respondents.

WASTE, C. J.—Acting under the provisions of the Building and Loan Association Act (Stats. 1931, p. 483), the respondent Building and Loan Commissioner of this state assumed possession and control of the property, business and assets of the appellant North American Building-Loan Association. Thereafter, and pursuant to section 13.12 of

the act, the appellant instituted the present action in the superior court to enjoin the respondent commissioner from proceeding further in the handling of its business. Obviously, the appellant did not prevail in the court below, the court finding, among other things, that the value of its assets after deducting its liabilities, including its outstanding investment certificates and shares, was at least $150,000 less than the aggregate par value of its outstanding stock, and that the continued possession and control of appellant's property, business and assets by the respondent commissioner is for its best interests and for the best interests of its creditors. The appellant appeals from the judgment based on these findings. The transcript to be used on the appeal is now on file, but the briefs, as yet, have not been filed.

In this state of the record the appellant presents this motion for an allowance of costs on appeal in the amount of $486.80, representing the cost of the preparation of the transcript already on file. It is requested that this sum be allowed as a charge against the funds of the appellant now in the hands of the respondent commissioner.

In opposition to the motion there has been filed herein an affidavit by the custodian of the appellant association, duly appointed by the respondent commissioner, wherein it is averred that the respondent commissioner is proceeding with the liquidation of the appellant association, that the association has been for more than a year "hopelessly insolvent and unable to make good its obligations", that the appeal herein is "frivolous and without merit", that continued resistance in this manner is materially harming the creditors of the association, that the appeal is being perfected "for the sole purpose of annoying respondent commissioner . . . with the idea in mind of harassing and annoying him, and delaying and hindering the liquidation of said insolvent and defunct association", that the directors of the appellant association "represent the guaranty stockholder group, upon which the law places a stockholders' liability", that said "group have not the best interests of the twenty-two thousand creditors at heart", and that the appeal already has resulted in an additional drain upon the assets of the association and has caused the trustees under certain deeds of trust, constituting a part of the assets of the association, to refuse to proceed with sales under said deeds of trust. The

affidavit concludes with the request that the decision on the motion be deferred to await the determination of the appeal on its merits.

Without passing upon the verity of the averments contained in the affidavit, we are of the opinion that this cause should follow the usual and customary course by which the allowance of costs on appeal is made dependent upon the determination of the cause on its merits. As indicated above, the transcript, for the cost of which the present allowance is sought, is now on file and a denial of the motion at this time will not therefore delay the prosecution of the appeal. It appears from the papers herein that the cost of the clerk's transcript has been advanced by counsel for the appellant. The reporter's claim for the preparation of his transcript rests upon private contract. (Sec. 953b, Code Civ. Proc.) In the event of a breach thereof he has his remedy. He has made no effort to join in the present motion. The Building and Loan Association Act, *supra*, makes no provision for the advancement or prepayment of costs in a case of this kind. Such costs should abide the determination of the appeal.

The motion is therefore denied without prejudice to the consideration of the matter of costs on appeal on the disposition of the cause on its merits.

Curtis, J., Langdon, J., Preston, J., Shenk, J., Seawell, J., and Thompson, J., concurred.